IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

O'GARRY L. CLARKE                                                                PETITIONER

VS.                                                         CIVIL ACTION NO. 3:17cv240-DPJ-FKB

WARDEN LARRY SHULTS                                                         RESPONDENT

## REPORT AND RECOMMENDATION

This is an action by a federal prisoner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having considered the petition and response, the undersigned recommends that the petition be denied.

In 2014, O'Garry L. Clarke was tried and convicted by a general court-martial of sexual assault of a 13-year-old child. He was sentenced to seven years of confinement, forfeiture of pay, a reduction in pay grade, and a dishonorable discharge. Clarke appealed to the United States Navy-Marine Court of Criminal Appeals (NCCA), alleging improper exclusion of evidence and insufficiency of the evidence. The NCCA affirmed. *United States v. Clarke*, 2015 WL 7720175 (N-M. Ct. Crim. App. Nov. 30, 2015). Review by the United States Court of Appeals for the Armed Forces (CAAF) was denied. [9-2] at 10.

Clarke then filed the present § 2241 petition, in which he argues that the trial court violated Clarke's constitutional rights by impermissibly excluding evidence of his accuser's age-inappropriate sexual knowledge, her sexual history, and her history of making allegations of physical and sexual abuse, and by preventing cross-examination of the accuser on these issues.

A federal court has jurisdiction pursuant to 28 U.S.C. § 2241 to review a military conviction. *Burns v. Wilson*, 346 U.S. 137, 139 (1953); *Fletcher v. Outlaw*, 578 F.3d 274, 276 (5th Cir. 2009). However, the scope of review is narrow: Where the military court has given full and fair consideration to the claims asserted in the petition, further review is precluded, and the petition must be denied. *Burns*, 346 U.S. at 142; *Fletcher*, 578 F.3d at 276.

*Evidence as to Accuser's Sexual Knowledge and Prior Sexual History*. On appeal, Clarke argued that the exclusion of evidence of his accuser's age-inappropriate sexual knowledge and experience, and her sexual history, was improper under the rules of evidence and violated his constitutional rights. The appellate court rejected these arguments in a comprehensive and carefully-reasoned opinion. The court noted that under Mil. R. Evid. 412 (a)(1), the military judge was required to balance the relevance, materiality, and probative value of such evidence against the danger of harm and unfair prejudice to the accuser. The appellate court agreed with the military judge's finding that the accuser's knowledge and her sexual history were neither relevant nor material to the issue of whether she had engaged in sex with Petitioner. The appellate court concluded that even assuming that such evidence were relevant and material, its probative value was low and would have been outweighed by the prejudice and harm to the accuser. As a part of its analysis, the court found that admission of the evidence had not been required under the Constitution. It is clear from the opinion that the appellate court gave full and fair consideration to this claim, and Clarke has made no argument to the contrary. Accordingly, federal review is precluded.

*Evidence of the Accuser's History of Making Allegations of Sexual and Physical Abuse*.  Clarke states in his petition that his rights were violated by the judge's exclusion of evidence that the victim had made allegations of sexual and physical abuse in the past and by the judge's refusal to permit cross-examination on these issues.  However, the appellate opinion indicates that the trial judge granted all of Clarke's requests concerning such evidence.  Specifically, the trial judge allowed the following:  Direct evidence that the accuser had in the past made false allegations of abuse, and cross-examination on this issue; cross-examination of the accuser as to whether she had falsely accused her father of sexual abuse; and cross-examination of the accuser as to whether she had accused her father of non-sexual abuse.  The opinion does not indicate that there was any additional evidence along these lines that Clarke was not permitted to introduce or about which he was prohibited from cross-examining the accuser.   Neither has Clarke identified any such evidence in his petition.  In short, it appears that Petitioner has nothing to complain of in this regard.  To the extent that he is complaining of some action by the trial judge that he failed to raise on appeal, such a claim would be procedurally barred in this court.  *See Fletcher*, 578 F.3d at 277 (citing *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)).

      For these reasons, the undersigned recommends that the petition be denied.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

3

findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of March, 2019.

s/ F. Keith Ball
United States Magistrate Judge